

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

**GROVER SELLERS**

ATTORNEY GENERAL

Honorable A. W. Meadows, Director
Texas Aeronautics Commission
Austin, Texas

Opinion No. 0-7533

Re: Whether seaplanes are pro-
hibited from landing on
public waters and artificial
inland lakes

Dear Sir:

Please refer to your letter of December 2, 1946,
requesting the following opinion from this department:

"Will you please furnish this Commission with
an opinion as to whether or not there are any
State laws prohibiting seaplanes from landing
on public waters or artificial inland lakes
such as Possum Kingdom Lake, Buchanan, Lake
Texhoma and any of the other lakes built and
controlled by the different authorities.

"Also, please give us your opinion as to whether
or not county laws would affect the use of these
bodies of water as landing facilities."

In answer to your first inquiry, you are advised
that we have carefully searched the statutes of this State
and find no act of the Legislature prohibiting in express
terms seaplanes from landing on public bodies of water.

While the factual circumstances giving rise to
your inquiry are not detailed and it would be idle to
speculate on situations that might arise, we do deem it
pertinent to advise that there are statutes of this State
which might conceivably be violated by the act of landing
a seaplane on a public body of water. For example, we call
your attention to Chapter 285 of the Acts of the Regular
Session of the 48th Legislature, 1943, Article 698b,

Vernon's Annotated Penal Code, which makes it unlawful to
"pollute" any public body of surface water of this State.
This statute defines the term "pollute" as,

". . .permitting to reach or be introduced into
any public body of surface water of this State any
substance, material or thing in such quantity
that the said water is thereby rendered unfit for
one or more of the beneficial uses for which such
water was fit or suitable prior to the introduction
of such substance, material or thing, or is there-
by rendered harmful to public health, game birds
or game animals, fish or other edible aquatic ani-
mals, or endangers any wharf, or endangers or
hinders the operation of any boat or renders in-
sanitary or unclean any bathing beach." (Emphasis
Supplied)

While we do not believe you had reference to the
"pollution" statute in your opinion request, it is con-
ceivable that the landing of a seaplane may, under the facts
of a particular case, "endanger or hinder the operation of
any boat".

This department has not been advised whether or
not any of the pertinent lake authorities, such as the
Brazos River Conservation and Reclamation District or the
Lower Colorado River Authority, have any rules or regulations
relative to the use of lakes under the control of such
authorities by seaplanes. It is also conceivable that the
State Parks Board, the State Game, Fish and Oyster Com-
mission, or agencies of the Federal Government, may have
rules and regulations on the subject. Should you find such
to be the case, we should be glad to give you the benefit
of our opinion in respect thereto.

In answer to your second question, you are advised
that there are no "county laws" as distinguished from acts
of the Legislature in this State, and that we have been un-
able to find any "local or special" laws of the Legislature
pertinent to your inquiry.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By
James D. Smullen
Assistant

JDS:jt